**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

TRAVIS DORIAN LONG                                                                      PLAINTIFF

V.                                              NO: 4:12CV00397 BRW/HDY

EVANS *et al.*                                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

      The following recommended disposition has been sent to United States District Judge Billy Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

      If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the

hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Travis Dorian Long, a pre-trial detainee at the Faulkner County Detention Center Unit I, filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on June 28, 2012, naming as Defendants Officer Evans, Sgt. Hardy, and Sgt. Andrews, all of the Faulkner County Detention Center.

## I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

In his complaint, Plaintiff asserts that Evans failed to give him his food tray at meal time on May 22, 2012. Because Plaintiff was standing at the door trying to ascertain why he did not receive a tray, Evans opened the door and threatened to spray him with chemical spray. Having not eaten, Plaintiff was unable to take his blood pressure medication at "pill call." An hour later, Plaintiff was offered a sandwich and chips. However, Plaintiff was too angry to eat. According to Plaintiff, he ultimately went 16 hours without eating. Because Plaintiff has described no constitutional violations, his complaint should be dismissed.

As a pre-trial detainee, Plaintiff's claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). Defendants violated Plaintiff's due process rights if the jail's conditions of confinement constituted punishment. *Id*. However, because, "[u]nder the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment," courts apply the identical deliberate-indifference standard as that applied to conditions-of-confinement claims made by convicts. *Id*. (quoting *City of Revere v. Mass.*

*Gen. Hosp.*, 463 U.S. 239, 244 (1983)); *see also Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994).

Although Plaintiff claims he went 16 hours without food, he concedes that he was given an opportunity to eat only an hour after his regularly scheduled meal time.  Moreover, even if Plaintiff had been denied a meal, such a denial would not have amounted to a constitutional violation.  *See Williams v. Harness*, 221 F.3d 1346 (8th Cir. 2000) (unpublished per curiam) citing *Wilkins v. Roper*, 843 F.Supp. 1327, 1328 (E.D. Mo. 1994)(denial of one meal does not give rise to constitutional violation ).

Likewise, Evans's alleged threat to spray Plaintiff with a chemical agent, without more, is not actionable.  *See Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir.1992) (verbal threats not generally actionable); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir.1985) (same).

Arguably, Plaintiff has also raised a claim that he was denied adequate medical care because he could not take his blood pressure medication at his scheduled meal time.  The same Eighth Amendment standards are applied to Plaintiff's inadequate medical care claims as those made by convicted inmates.  *Vaughn v. Greene County, Ark.*, 438 F.3d 845, 850 (8th Cir. 2006).  The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody.  *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976).  To succeed with an inadequate medical care claim, a plaintiff must allege and prove that:  (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs.  *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

The facts Plaintiff has alleged show no deliberate indifference to his medical needs.

4

Although Plaintiff may not have been able to take his medication on schedule because he was initially denied food, he was provided with food only an hour later. Therefore, at most, Plaintiff was faced with a delay in the administration of his medication. When an inmate alleges that a delay in medical care constitutes a constitutional violation, he must allege, and eventually place in the record, verifying medical evidence establishing the detrimental effect of the delay. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). In the instant case, there is not even an allegation of a detrimental effect. Accordingly, Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2.      This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __5__ day of July, 2012.

_____
UNITED STATES MAGISTRATE JUDGE